IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,       *

   v.                              *   Criminal Action No. RDB-24-0255

VINCE AKINS,                    *

   *Defendant.*                    *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Vince Akins ("Mr. Akins" or "Defendant") is charged in a twenty-count Indictment with Bank Fraud in violation of 18 U.S.C. § 1344 (Counts One–Four); Conducting Transaction in Criminally Derived Proceeds in violation of 18 U.S.C. § 1957(a) (Counts Five–Six); Willful Failure to Account For and Pay Over Trust Fund Taxes in violation of 26 U.S.C. § 7202 (Counts Seven–Nineteen); and Willful Failure to File Tax Return in violation of 26 U.S.C. § 7203 (Count Twenty). (ECF No. 1.) Mr. Akins' charges arise from his alleged failure to pay federal income taxes during the year 2020, fraudulent conduct as the Director and sole owner of five business entities, and related money laundering. (*Id.*; ECF No. 40 at 2.) Presently pending before this Court is the Government's Motion *in Limine* to Admit Evidence (ECF No. 40).[1] Mr. Akins has responded in Opposition (ECF No. 45), and the Government has filed a Reply (ECF No. 48). The Court heard oral argument from the parties at a Motions Hearing on September 23, 2025. For the reasons stated on the record and expounded further below, the Government's Motion *in Limine* to Admit Evidence (ECF No. 40) is GRANTED IN PART, DENIED WITHOUT PREJUDICE IN PART, and RESERVED in part.

---

[1] The Government filed two additional Motions *in Limine* (ECF Nos. 39, 41), which this Court addressed both on the record at the Motions Hearing and by separate Order dated September 24, 2025.

1

**BACKGROUND**

The conduct charged in the Indictment arises largely from Mr. Akins' activity as the Director and sole owner of five (5) companies:

1) Avia Solutions, LLC ("Avia Solutions"), which operated between 2019 and 2024, received a federal contract with the Department of Veterans Affairs, and employed between five and eleven people;
2) Queens Limo Corp. ("Queens Limo"), which operated between 2012 and 2018;
3) AVS Mobility, which operated between 2015 and 2018;
4) VGA Systems Corp. ("VGA Systems"), which was registered in 2001 but had no business in activity in 2019 or 2020; and
5) Royal Systems Transportation, Inc. ("RST" or "Royal Systems"), which was registered in 2013 and forfeited in 2015, but had no business activity.

(ECF No. 40 at 2; ECF No. 1 ¶¶ 2–7.) As relevant to the Government's Motion (ECF No. 40), the charges against Mr. Akins relate to alleged fraud under the Internal Revenue Code ("IRC") and the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116–136, 120 Stat. 3556, which Congress passed during the COVID-19 Pandemic to authorize the Small Business Administration to issue loans to qualifying small businesses through the Paycheck Protection Program ("PPP"). (ECF No. 1 ¶¶ 23–24.)

    **i.    Tax Charges**

Under the IRC, employers must withhold federal income taxes and Federal Insurance Contribution Act ("FICA") taxes from their employees' pay. (ECF No. 1 ¶ 11.) FICA taxes include Social Security and Medicare taxes (collectively, "trust fund taxes"), and employers must pay withheld trust fund taxes and matching employer contributions to the IRS each quarter. (*Id.* ¶¶ 11, 12.) The IRC provides that a "responsible person" is an individual responsible for collecting, accounting for, and paying over such taxes, and any individual with

authority to exercise significant control over the employer's financial affairs may be a "responsible person," regardless of whether he or she in fact exercised such control. (*Id.* ¶ 14.) Additionally, one month after the end of each calendar quarter, employers must file an Employer's Quarterly Federal Tax Return ("Form 941"), which provides the total amount of income taxes withheld from employees' pay, the employees' and employer's share of trust fund taxes, resulting taxes due, and total tax deposits. (*Id.* ¶ 13.)

The Indictment charges that Mr. Akins was a "responsible person" for his business Avia Solutions, but he failed to account for and pay over trust fund taxes on its behalf. (*Id.* ¶ 16.) Specifically, the Indictment charges that between the fourth quarter of 2019 and the fourth quarter of 2022, Avia Solutions failed to pay trust fund taxes despite having substantially greater receipts than tax liabilities. (*Id.* ¶ 17.) During this period, Mr. Akins allegedly used Avia Solutions' receipts for personal expenditures such as luxury vehicles, residential rent, and private school tuition for his child. (*Id.* ¶ 18.) Additionally, the Indictment charges that Mr. Akins failed to file (1) Forms 941 for Avia Solutions beginning in the second quarter of 2020; (2) Employer's Annual Federal Unemployment Tax Returns ("Forms 940") for Avia Solutions beginning in tax year 2019; and (3) his own U.S. Individual Income Tax Returns ("Forms 1040") in tax year 2020. (*Id.* ¶ 19.) Accordingly, the Internal Revenue Service ("IRS") filed substitutes for returns for Mr. Akins, Queens Limo, and AVS Mobility and, due to Mr. Akins' alleged failure to pay employment taxes for AVS Mobility, assessed a Trust Fund Recovery Penalty ("TFRP") against him. (*Id.* ¶ 20–21.) The Indictment charges that the IRS has assessed approximately $1.8 million in taxes, interests, and penalties against Mr. Akins relating to tax years 2008 through 2017. (*Id.* ¶ 22.)

### ii. Paycheck Protection Program Loan Fraud Charges

The Indictment further charges that in June 2020, Mr. Akins submitted four PPP loans totaling $387,220 on behalf of Queens Limo, AVS Mobility, VGA Systems, and RST. (*Id.* ¶¶ 29–32.) As part of the PPP loan applications, Mr. Akins allegedly attached Forms 940 and Forms 941 that purported to show employee wage expenses and operations for each of the four entities. (ECF No. 40 at 2.) Mr. Akins also inaccurately represented that the entities engaged in federal government contracting. (*Id.*) The Indictment charges that the IRS Forms and representations were false. (*Id.*) Additionally, the Indictment charges that these entities were not in operation in 2019 or 2020 and had no employee expenses during that period. (*Id.*) After receiving funds for three of these PPP loans to an account in the name of Avia Solutions, Mr. Akins allegedly caused two wire transfers totaling $151,060 from that account to bank accounts in Nigeria. (*Id.* at 3; ECF No. 1 ¶ 36.) The Indictment charges that Mr. Akins used such funds for personal purposes and failed to file a 2020 individual income tax return. (ECF No. 40 at 3; ECF No. 1 ¶¶ 36, 41.)

On August 28, 2024, a grand jury sitting in Baltimore issued an Indictment charging Mr. Akins with four counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts One–Four); two counts of conducting a transaction of criminally derived proceeds, in violation of 18 U.S.C. § 1957 (Counts Five–Six); twelve counts of willful failure to account for and pay over trust fund taxes, in violation of 26 U.S.C. § 7202 (Counts Seven–Nineteen); and one count of willful failure to file a tax return, in violation of 26 U.S.C. § 7203 (Count Twenty). (ECF No. 1.) On September 4, 2025, the Government filed a Motion *in Limine* to Admit Evidence (ECF No. 40), seeking to admit various evidence of Mr. Akins' prior or uncharged

conduct. Mr. Akins responded in Opposition (ECF No. 45), and the Government replied (ECF No. 48). The Court heard oral argument from the parties at a Motions Hearing on September 23, 2025, and this matter is now ripe for review.

## STANDARD OF REVIEW

A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984). The purpose of a motion *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence." *United States v. Slagle*, SAG-15-392, 2015 WL 5897740, at *1 (D. Md. Oct. 6, 2015) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)); *see Osei v. Univ. of Md. Univ. Coll.*, 202 F. Supp. 3d 471, 479 n.5 (D. Md. 2016) *vacated and remanded on other grounds*, 710 F. App'x. 593 (4th Cir. 2018) ("[M]otions in limine are meant 'to streamline the case for trial and to provide guidance to counsel [and the parties] regarding evidentiary issues.'" (quoting *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001))).

Evidentiary rulings prior to trial are generally preliminary or tentative, made in the discretion of the court, for the purpose of assisting in preparation for trial. *Luce*, 713 F.2d at 1239–40; *see Adams*, 141 F. Supp. 2d at 558 ("A ruling on a motion *in limine* is no more than a preliminary or advisory opinion that falls entirely within the discretion of the district court."). When the evidence is actually offered at trial, the trial court may change its ruling. *Luce*, 713 F.2d at 1239. Additionally, "[a] district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

**ANALYSIS**

The Government seeks admission in evidence of six alleged prior acts—four in its case-in-chief and two in cross-examination or rebuttal. *See* (ECF No. 40 at 1; ECF No. 48). In its case-in-chief, the Government seeks to admit: (1) Mr. Akins' alleged failure to account for and pay over Avia Solutions' FICA taxes during the quarters charged in Counts Seven through Nineteen and unemployment taxes during tax years 2019 through 2022; (2) Mr. Akins' alleged unsuccessful attempt to use false or fraudulent applications to obtain "second draw" PPP loans for the four entities identified in the bank fraud charges in Counts One through Four; (3) Mr. Akins' prior civil penalties for failure to pay federal income and trust fund taxes;[2] and (4) Mr. Akins' alleged use of business funds to pay personal expenditures rather than trust fund taxes owed by Avia Solutions. (ECF No. 40 at 1.) On cross-examination or rebuttal, the Government seeks to admit (1) Mr. Akins' 2006 criminal conviction for Social Security and bank fraud; and (2) Mr. Akins' alleged use of Individuals A and B to obtain false contracts with the federal Government related to the business Luomo Creatives ("Luomo"). (*Id.*) The Court addresses each category separately, grouping some evidence together where appropriate.

**I.    Evidence in Case-In-Chief**

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Relevant evidence is that which has "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." FED. R. EVID. 401(a),(b); *see also United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003) *abrogated*

---

[2] Although the Government's Motion initially sought admission of the conduct underlying those civil penalties, (ECF No. 40 at 1), it clarified in its Reply (ECF No. 48) and on the record at the Motions Hearing that it seeks only admission of the penalties themselves and not the underlying conduct.

*in part on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).  Even where evidence is relevant, however, it still may be excluded.  Under Rule 403, a court has discretion to exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice[.]" FED. R. EVID. 403.  Unfair prejudice exists where there is "a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Siegel*, 536 F.3d 306, 310 (4th Cir. 2008).  Separately, in the context of evidence of uncharged, prior conduct, Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character" or propensity to commit a crime.  Prior acts evidence falls into two categories, each subject to distinct admissibility analyses: (1) evidence that is intrinsic to the charged crime; or (2) extrinsic evidence governed by Rule 404(b), which imposes additional requirements for admission.[3]

Prior acts evidence that is intrinsic to a charged crime is not subject to Rule 404(b)'s heightened admissibility analysis.  *United States v. Beeman*, 135 F.4th 139, 145 (4th Cir. 2025), *petition for cert filed Beeman v. United States*, No. 25-5165 (July 22, 2025).  Evidence is intrinsic if it "arose out of the same transaction or series of transactions as the charged offense" or is "necessary to complete the story of the crime at trial." *United States v. Sutherland*, 921 F.3d 421, 429–30 (4th Cir. 2019).  To be "necessary to complete the story of the crime," evidence "must be 'probative of an integral component of the crime on trial or provide information without

---

[3] Extrinsic evidence of prior bad acts is admissible under Rule 404(b) only if the proponent of the evidence can show that the evidence is (1) relevant to an issue other than character; (2) necessary to prove an element of the crime charged; (3) reliable; and (4) admissible under Rule 403. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997).  As explained on the record and further below, the Court concludes that the evidence proffered in the Government's case-in-chief is intrinsic evidence that does not implicate Rule 404(b).

which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself.'" *Beeman*, 135 F.4th at 146 (quoting *United States v. Brizuela*, 962 F.3d 784, 795 (4th Cir. 2020)). Evidence that provides "necessary contextual information," *id.*, or is "'inextricably intertwined' with evidence of the charged offenses and forms an integral part of the testimony concerning them" is intrinsic, *United States v. Blair*, ELH-19-410, 2021 WL 4339132, at *29 (D. Md. Sept. 23, 2021) (quoting *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010)). Whether evidence is "intrinsic" depends on a "case-by-case, fact-based analys[i]s." *Id.* at *21 (quoting *Brizuela*, 962 F.3d at 794).

### A. Mr. Akins' alleged failure to account for and pay over Avia Solutions' FICA taxes and unemployment taxes

To prove willful failure to account for and pay over trust fund taxes as charged in Counts Seven through Nineteen, the Government must prove that Mr. Akins acted willfully. 26 U.S.C. § 7202; *United States v. Boccone*, 556 F. App'x 215, 238 (4th Cir. 2014) (unpublished). "Willfulness in the context of criminal tax cases is defined as a voluntary, intentional violation of a known legal duty . . . ." *United States v. Gilbert*, 266 F.3d 1180, 1185 (9th Cir. 2001) (quoting *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992)); *accord United States v. Lord*, 404 F. App'x 773, 778 (4th Cir. 2010) (unpublished) (holding trial court "correctly defined . . . 'willful'" as to 26 U.S.C. § 7202 charge where it used definition identical to that expounded in *Gilbert*). The U.S. Court of Appeals for the Fourth Circuit has recognized that "willfulness . . . can be inferred from [a] pattern of failing to pay over the taxes for an extended period of time." *Lord*, 404 F. App'x at 779 (citing *United States v. Ostendorff*, 371 F.2d 729, 731 (4th Cir. 1967)). In this case, Mr. Akins' alleged failure to account for and pay over Avia

8

Solutions' FICA taxes between the fourth quarter of 2019 and the fourth quarter of 2022 and his failure to file annual Unemployment Tax Returns, file annual IRS Forms 940, and pay taxes owed is intrinsic evidence of willfulness. Specifically, by purporting to show that Mr. Akins failed to file other required taxes and tax forms on behalf of Avia Solutions during the same period as the conduct charged in Counts Seven through Nineteen, this evidence suggests a "pattern of failing to pay over" taxes in a willful manner. *Lord*, 404 F. App'x at 779.

Moreover, this evidence is necessary to complete the story of the conduct charged in Counts Seven through Seventeen. Tax fraud under 26 U.S.C. § 7202 implicates the Fourth Circuit's general approach to intrinsic evidence in fraud cases. *See United States v. Barringer*, 25 F.4th 239, 257, 258 (4th Cir. 2022) (discussing "conviction for tax fraud under § 7202"). As Judge Hollander of this Court has recognized, "evidence of conduct not charged in the 'specific execution' of a fraudulent scheme may still be relevant to the 'nature and scope of the scheme charged.'" *Blair*, 2021 WL 4339132, at *30 (quoting *United States v. Bajoghli*, 785 F.3d 957, 964 (4th Cir. 2015)). Specifically, "*a scheme to defraud* requires a plot, plan, or arrangement that is executed by a fraudulent transaction." *Bajoghli*, 785 F.3d at 962–63 (emphasis in original). Thus, in cases involving fraud charges, evidence of an overall scheme to defraud is relevant to each charged instance of fraud. *Id.* at 963. In this case, Mr. Akins' failure to pay FICA and unemployment taxes for Avia Solutions is relevant to the "nature and scope of [his] scheme" to defraud the federal Government of the trust fund taxes owed by Avia Solutions as charged in Counts Seven through Nineteen. *Id.* at 964.

Intrinsic evidence does not implicate Rule 404(b) and instead must survive only Rule 403's balancing test. Unfair prejudice exists where there is "a genuine risk that the emotions

9

of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *Siegel*, 536 F.3d at 310.  Evidence of conduct no more "sensational or disturbing than the [conduct] with which" a defendant is charged is unlikely to produce unfair prejudice. *United States v. Elsheikh*, 103 F.4th 1006, 1027 (4th Cir. 2024) (quoting *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995)).  In this case, Mr. Akins' alleged failure to pay unemployment and FICA taxes during the same period as the conduct charged in Counts Seven through Nineteen is highly probative of willfulness and a scheme to defraud, and it is no more sensational than the conduct charged in those Counts.

Accordingly, Mr. Akins' alleged failure to pay Avia Solutions' FICA taxes and unemployment taxes is intrinsic evidence admissible to complete the story of the conduct charged in Counts Seven through Nineteen and to prove willfulness as an element of those Counts.  As stated on the record and expounded above, the Government's Motion is GRANTED as to Mr. Akins' alleged failure to pay Avia Solutions' FICA taxes and his alleged failure to pay unemployment taxes.

### B. Mr. Akins' Alleged Unsuccessful Attempt to Obtain "Second Draw" PPP Loans for Entities Referenced in Counts One Through Four

To prove the bank fraud charged in Counts One through Four, the Government must prove that Mr. Akins (1) "knowingly execute[d], or attempt[ed] to execute, a scheme or artifice" (2) "to defraud a financial institution; or" (3) "to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises . . . ." 18 U.S.C. § 1344.  As discussed above, the Fourth Circuit has recognized that "*a scheme to defraud* requires a plot, plan, or arrangement that is executed by a fraudulent

10

transaction" such that evidence of uncharged conduct may be relevant to proving the overall scheme. *Bajoghli*, 785 F.3d at 962–63 (emphasis in original). Importantly, "[e]vidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" *Siegel*, 536 F.3d at 316 (second alteration in original) (quoting *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994)). Rather, subject to Rule 403, such evidence is admissible as intrinsic evidence that "complete[s] the story of the crime[s] on trial." *United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (quoting *Kennedy*, 32 F.3d at 886)).

The Government represented on the record that it intends to submit evidence of "second draw" loan applications in which Mr. Akins allegedly continued the fraudulent conduct by which he obtained the original PPP loans underlying the bank fraud charges in Counts One through Four.[4] As an alleged continuation of the bank fraud scheme related to the four entities charged in Counts One through Four, therefore, the alleged unsuccessful "second draw" applications on behalf of those entities are intrinsic to the charged "scheme to defraud a financial institution." (ECF No. 1 at 8); *see McBride*, 676 F.3d at 396. Rule 403 does not preclude admission of this intrinsic evidence because it is highly probative of a scheme to fraudulently obtain PPP loans using the four entities referenced in Counts One through Four, and alleged fraudulent application for a "second draw" PPP loan is "no more sensational" than the conduct charged in Counts One through Four. *Elsheikh*, 103 F.4th at 1027 (quoting

---

[4] Specifically, the Government represented that it chose not to formally charge the conduct related to the "second draw" loans at least in part because the "second draw" applications were not granted.

11

*Boyd*, 53 F.3d at 637). Accordingly, as stated on the record and explained further herein, the Government's Motion is GRANTED as to the "second draw" PPP loan evidence, which is admitted as intrinsic to Counts One through Four.

### C. Prior Trust Fund Recovery Penalty and Civil Tax Judgment

To prove willful failure to pay over trust fund taxes and federal income taxes under 26 U.S.C. §§ 7202, 7203, as charged in Counts Seven through Twenty, the Government bears the burden to prove that Mr. Akins willfully violated his duty as a "responsible person," or, as relevant to Count Twenty, willfully failed to pay federal income taxes. *See Barringer*, 25 F.4th at 257–58 (discussing requirement to prove defendant was "responsible person"); *Boccone*, 556 F. App'x at 238 (citing *Lord*, 404 F. App'x at 775). To prove that Mr. Akins' knew of and willfully violated his duty as a "responsible person," the Government seeks to admit evidence that (1) an IRS agent previously imposed a Trust Fund Recovery Penalty ("TFRP") on Mr. Akins for his failure to pay over trust fund taxes for his company AVS Mobility for tax periods ending September 30, 2017, and December 31, 2017; and (2) in 2019, Judge Coulson of the District of Maryland entered summary judgment against Mr. Akins in a civil tax case filed against him in this Court by the United States. (ECF No. 40 at 5); *see United States v. Vince Akins et al.*, Civ. No. JMC-16-84. As explained on the record and expounded below, any probative value of such evidence is substantially outweighed by the risk of unfair prejudice and confusing the issues.

The Fourth Circuit has recognized that a "pattern of failing to pay over taxes for an extended period of time" is indirect evidence of willfulness. *Lord*, 404 F. App'x at 779 (citing *Ostendorff*, 371 F.2d at 731); *see also United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006)

12

(admitting evidence of "defendant's past taxpaying record" to show willfulness (quoting *United States v. Ringwalt*, 213 F. Supp. 2d 499, 506 (E.D. Pa. 2002))); *United States v. Farr*, 701 F.3d 1274, 1281 (10th Cir. 2012) (admitting prior TFRP as evidence of intent and knowledge). Thus, a prior TFRP is intrinsic evidence of willfulness because it tends to suggest that, at the time of the charged conduct, Mr. Akins knew (1) of the requirement to pay trust fund taxes; (2) that his ownership in an entity could cause the IRS to deem him a "responsible person;" and (3) that failure to pay trust fund taxes could result in penalty. Relatedly, the prior civil judgment for failure to pay income taxes in 2008, 2009, and 2010 is intrinsic evidence of willfulness as to the violation of § 7203 charged in Count XX.

As explained on the record, however, both the TFRP and prior civil judgment by another judge of this Court carry significant risk of unfair prejudice and confusing the issues because of the highly distinct standards of proof in such administrative and civil proceedings as compared to the criminal charges at issue in this case.[5] *See* FED. R. EVID. 403. As an initial matter, the probative value of the prior civil judgment for civil tax misconduct between 2008 and 2010 is substantially outweighed by the risk that the jury will either become confused by the different burdens of proof or unfairly convict Mr. Akins' on the belief that a judge of this Court has already found him liable for conduct akin to that charged in Count Twenty. Similarly, the Government has not provided the standard under which IRS agents choose to issue TFRPs, but introducing a prior TFRP could confuse the issues by requiring the jury to distinguish between that administrative standard and the standard to criminally convict a

---

[5] Even if the Court did not conclude that the TFRP and prior civil judgment are intrinsic to the charged conduct, such evidence would not be admissible under Rule 404(b) because, as noted above, the Rule 404(b) test incorporates Rule 403. *See Queen*, 132 F.3d at 995.

defendant of tax fraud. On the record, the Government conceded that at this pretrial stage, it is premature to admit these prior civil penalties but asserted the penalties may be admissible in its rebuttal case. Accordingly, the Government's Motion is DENIED WITHOUT PREJUDICE as to the prior TFRP and civil judgment against Mr. Akins.

### D. Alleged Use of Business Accounts for Personal Expenses

As noted on the record and above, the tax fraud charged under 26 U.S.C. §§ 7202, 7203 in Counts Seven through Twenty requires the Government to prove that Mr. Akins acted willfully. The Fourth Circuit has recognized that "intentional preference of other creditors over the United States is sufficient to establish the element of willfulness." *Boccone*, 556 F. App'x at 239 (quoting *Turpin v. United States*, 970 F.2d 1344, 1347 (4th Cir. 1992)). The Sixth and Seventh Circuits have further recognized that evidence of discretionary spending or spending on personal expenses is relevant and admissible as to willfulness. *United States v. Blanchard*, 618 F.3d 562, 569 (6th Cir. 2010); *United States v. Ellis*, 548 F.3d 539, 543 (7th Cir. 2008). In this case, as both parties appeared to agree on the record, Mr. Akins' use of business accounts for personal expenditures naturally completes the story of allegations that he failed to pay over taxes by providing a narrative of how he used the funds other than to pay taxes owed.[6] The probative value of such intrinsic evidence in providing necessary context for Mr. Akins' alleged failure to pay required taxes is not substantially outweighed by any risk of unfair prejudice. *See* FED. R. EVID. 403. Accordingly, for the reasons stated on the record and

---

[6] The Court notes that Mr. Akins has reserved his right to object to specific evidence of the use of business accounts for personal expenses. As stated on the record, to the extent possible, such objections should be made before trial and as soon as they arise.

14

explained herein, the Government's Motion is GRANTED as to Mr. Akins' alleged use of business accounts for personal expenses.

## II. Evidence on Cross-Examination or in Rebuttal Case

As stated on the record and explained below, the Court reserves ruling on the admissibility of the prior criminal conviction and conduct related to Luomo except to determine that the Government has provided the required notice under Federal Rules of Evidence 609(b)(2) and 404(b). Under Federal Rule of Evidence 609(b), the Government may use a conviction greater than ten years old to impeach a testifying criminal defendant if "(1) the conviction's probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice . . . ." FED. R. EVID. 609(b)(1)–(2). In this case, Mr. Akins' prior conviction is only implicated if he testifies, and the Court cannot determine before hearing the evidence presented at trial the probative value of any conviction for impeachment purposes. Accordingly, as both parties agree, the Motion is premature as to the prior conviction.

Similarly, both parties agreed in their briefing and on the record that the admissibility of Mr. Akins' alleged conduct at Luomo depends on the evidence adduced at trial. *See* (ECF No. 48 at 4; ECF No. 45 at 3). Specifically, the proffered Luomo evidence may be admissible if Mr. Akins chooses to testify in his own defense and/or offers a defense of mistake, accident, good faith, or a similar argument, but any admissibility depends on the specific evidence adduced. Accordingly, as stated on the record, the Court reserves ruling on the admissibility of (1) Mr. Akins' prior criminal conviction and (2) the proffered Luomo evidence except to

determine that the Government has properly provided notice as required under Federal Rules of Evidence 609(b)(2) and 403(b)(3).

## CONCLUSION

For the reasons stated on the record at the September 23, 2025, Motions Hearing and expounded more fully above, the Government's Motion *in Limine* to Admit Evidence (ECF No. 40) is GRANTED IN PART; DENIED WITHOUT PREJUDICE IN PART; and reserved in part.

A separate Order follows.

/s/
_____
Richard D. Bennett
United States Senior District Judge

Date: September 24, 2025